IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
MARY SAYRE,                         )
                                    )
            Plaintiff,              )
                                    )
    v.                              )    Case No. 13-2291-RDR
                                    )
CITY OF LAWRENCE, KANSAS, and       )
LAWRENCE ARTS CENTER                )
                                    )
            Defendants.             )
```

## MEMORANDUM AND ORDER

This matter is presently before the court upon the motion of defendant City of Lawrence, Kansas to dismiss. The defendant seeks to dismiss plaintiff Larry Sayre's loss of consortium claim.[1] The defendant contends that plaintiff has failed to comply with the notice requirements of K.S.A. 12-105b(d). Having carefully reviewed the arguments of the parties, the court is now prepared to rule.

I.

This is an action based upon diversity of citizenship jurisdiction. Plaintiff Mary Sayre asserts a claim for damages against the City of Lawrence pursuant to the Kansas Tort Claims Act (KTCA). She asserts claims of negligence, premise liability and loss of consortium for injuries she suffered at the Lawrence Arts Center when she fell into an orchestra pit. Prior to filing this

---

[1] The defendant now recognizes that Larry Sayre, plaintiff's husband, is not a plaintiff in this case. Even so, the defendant contends the plaintiff's loss of consortium claim should be dismissed.

1

action, plaintiff and her husband prepared a notice of claim pursuant to K.S.A. 12-105b(d) and submitted it to the clerk of the City of Lawrence. The relevant portions of the claim stated the following:

> 3. Concise statement of the factual basis of the claim is as follows: On or about June 24, 2012, claimant was injured as a result of the negligent conduct of employees of the City of Lawrence, including the failure to ensure the safety of individuals at the Lawrence Arts Center which caused or contributed to cause the claimant to fall into the unprotected and unmarked orchestra pit. It was or should have been known that failure to safely secure the orchestra pit, and the corresponding failure to warn, could result in reckless disregard to the safety of individuals at the Lawrence Art Center.
> . . . . .
> 5. A statement of the nature and extent of the injury is as follows: Claimant was severely injured as a result of the wrongful conduct of the defendant and received a permanent injury as a result of the wrongful conduct of defendant and its employees.
> 6. Statement of the amount of monetary damages requested is as follows: Claimant would request a jury to determine the amount of the value of the losses. Claimant's monetary claim as to the defendant is $500,000.

II.

In the instant motion, the defendant City of Lawrence contends that plaintiff's husband's claim for loss of consortium should be dismissed because he failed to comply with the notice requirements of K.S.A. 12-105b(d). The City argues that plaintiff's husband failed to (1) concisely identify or otherwise state the basis of this claim; and (2) describe the damages/injuries which give rise to this claim.

Plaintiff points out that Kansas law does not recognize a separate cause of action for a spouse for loss of consortium.

2

Plaintiff notes that the right to recover for loss of consortium vests with the spouse who files an action for personal injuries. Plaintiff contends that the notice provided to the City substantially complied with K.S.A. 12-105b(d) because she notified the City of the character and extent of the injuries she sustained.

III.

Under the KTCA, a party may not commence a tort action against a municipality without first filing a proper notice of claim. K.S.A. 12-105b(d). The claimant is required to include "a concise statement of the factual basis of the claim" as well as a "concise statement of the nature and extent of the injury claimed to have been suffered." Id. A notice is effective if it is within "substantial compliance" of the statutory requirements. Id.

"Substantial compliance" is not defined in K.S.A. 12-105b(d), but it has been defined by the Kansas courts as follows:

> Substantial compliance means compliance in respect to the essential matters necessary to assure every reasonable objective of the statute. The statutory objectives are to advise the municipality of the time and place of the injury and to give the municipality an opportunity to ascertain the character and extent of the injury sustained.

Dodge City Implement, Inc. v. Bd. of Cty. Com'rs of Cty. of Barber, 288 Kan. 619, 205 P.3d 1265, 1281 (2009)(citations and quotation marks omitted).

In Kansas, there is not a separate cause of action for a spouse for loss of consortium due to injuries to a spouse. Annis v. Butler Mfg. Co., 715 F.Supp. 328, 330 (D.Kan. 1989). Rather, the right to recover for loss consortium lies with the spouse who files an action for personal injuries, not the spouse who actually suffers the loss of consortium. Stucky v. Health Care Prod., Inc., 794 F.Supp. 1069, 1070 (D.Kan. 1992).

Neither party has provided the court with any case law concerning the exact issue noted in this case--the failure to mention loss of consortium in the notice to the municipality required by K.S.A. 12-105b(d). Having reviewed the notice in this case, the court is persuaded that the notice substantially complies with K.S.A. 12-105b(d). Thus, plaintiff can proceed with the loss of consortium claim in this action.

In reaching this conclusion, the court notes that K.S.A. 12-105b(d) requires only a "concise statement of the nature and the extent of the injury claimed to have been suffered." The objectives of the statute are to allow the municipality an opportunity to determine the character and extent of the injury sustained. Recently, the Kansas Supreme Court held that a notice of claim asking for $19,590.07 in damages substantially complied with K.S.A. 12-105b(d) even though the plaintiff later sought damages of $228,088.25 in his subsequent lawsuit. Continental Western Ins. Co.

v. Shultz, 2013 WL 3378339, at * 7 (Kan. July 5, 2013). The Court noted that the notice filed by plaintiff "provided sufficient information to advise the defendants about the extent of injuries" and "afforded the municipality an opportunity to fully investigate the merits of the negligence claim." Id.

Similar observations can be made about this case. The notice statute does not require a detailed listing of the injuries suffered. The notice submitted by plaintiff allowed the City to quickly ascertain the circumstances of plaintiff's injury. Thus, the court finds that plaintiff's notice substantially complied with K.S.A. 12-15b(d). The court notes that other jurisdictions considering this issue have reached differing conclusions. The court believes that the court in District of Columbia properly addressed this issue as follows, even though the standard for compliance with the notice requirement is stricter in the District of Columbia than in Kansas:

> Claims for loss of consortium are collateral to a spouse's claim for injuries; the two claims are tied together and the one (consortium) is dependent on the other (injuries). As long as the injured spouse's notice provides the District with sufficient information to allow it to investigate the accident, to try to settle claims, and to prevent future accidents, formal notice of a claim for loss of consortium will provide the city with no additional information necessary to effectuate the purposes of the statute. The District is not prejudiced by not receiving notice of a spouse's claim for loss of consortium. A cursory investigation would reveal the nature of the claimant's injuries and his or her marital status.

Romer v. District of Columbia, 449 A.2d 1097, 1101 (D.C. 1982).

Therefore, the court shall deny defendant City of Lawrence's motion to dismiss.

**IT IS THEREFORE ORDERED** that defendant City of Lawrence's motion (Doc. # 7) be hereby denied.

**IT IS SO ORDERED.**

Dated this 21st day of August, 2013, at Topeka, Kansas.

*s/Richard D. Rogers*
United States District Judge